

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

### No. 07-22-00259-CV

**ESKIMO HUT WORLDWIDE, LTD, APPELLANT**

**V.**

**SOUTH PLAINS SNO, INC., BRAD SALLEY, AND KATHY SALLEY, APPELLEES**

On Appeal from the 251st District Court
Randall County, Texas,
Trial Court No. 73454C, Honorable Ana Estevez, Presiding

## January 9, 2023

## ORDER ON PETITION FOR PERMISSIVE APPEAL

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is the Petition for Permissive Appeal filed by Petitioner, Eskimo Hut Worldwide, LTD, alleging this Court has jurisdiction to entertain an interlocutory appeal of the trial court's Amended Order Granting Partial Summary Judgment, signed August 25, 2022. Respondents, South Plains Sno, Inc., Brad Salley, and Kathy Salley, have responded and petitioner replied.

The trial court certified the following issues as controlling questions of law to which there is a substantial ground for difference of opinion, the resolution of which will

materially advance the ultimate termination of the litigation between Petitioners and

Respondents:

A) Whether Section 109.53 of the Texas Alcoholic Beverage Code prohibits Eskimo Hut Worldwide, Ltd. from controlling or limiting in any way the types and brands of the Alcoholic Beverages (any beverage containing 1/2 of 1% of alcohol by volume), including frozen Alcoholic Beverages, sold by South Plains Sno, Inc. in its retail stores;

B) Whether Section 109.53 of the Texas Alcoholic Beverage Code prohibits Eskimo Hut Worldwide, Ltd. from controlling or limiting in any way the types and brands of alcohol sold by South Plains Sno, Inc. in its retail stores;

C) Whether Section 109.53 of the Texas Alcoholic Beverage Code prohibits Eskimo Hut Worldwide, Ltd. from controlling or limiting in any way the types and brands of alcohol purchased or used by South Plains Sno, Inc. in its retail operations;

D) Whether the provision of the Franchise Agreement requiring South Plains Sno, Inc. to purchase non-alcoholic base mix and flavoring from Eskimo Hut Worldwide is permissible under Section 109.53, so long as it does not require, directly or indirectly, the purchase of any product from a permittee of a different level; and

E) The applicability of Section 109.53 to a Beer and Wine (BG) Permit issued by the Texas Alcoholic Beverage Commission.

F) Does Section 7(d) of the franchise agreement between Eskimo Hut Worldwide, LTD. and South Plains Sno, Inc., prohibit South Plains Sno, Inc. from mixing and selling frozen "Alcoholic Beverages," (as defined in Tex. Alco. Bev. Code § 1.04(1)) which are not made according to recipes specified by Eskimo Hut Worldwide, LTD.?

G) Does Section 7(f) of the franchise agreement between Eskimo Hut Worldwide, LTD. and South Plains Sno, Inc., prohibit South Plains Sno, Inc. from mixing and selling frozen Alcoholic Beverages which do not include flavoring mixes as specified by Eskimo Hut Worldwide, LTD.?

H) Do Sections 7(d) and 7(f) of the Franchise Agreement between Eskimo Hut Worldwide, LTD. and South Plains Sno, Inc., prohibit South Plains Sno, Inc. from selling commercially available pre-mixed frozen Alcoholic Beverages?

I) If the answer to part (f), part (g) or part (h) is yes, is such prohibition illegal

2

under TEX. ALCO. BEV. CODE § 109.53 as an attempt to control the sale of Alcoholic Beverages purchased, stored or sold on the licensed premises by South Plains Sno, Inc.?

We find the order appealed involves controlling questions of law to which there is a substantial ground for difference of opinion and immediate appeal from the trial court's amended order may materially advance the ultimate termination of the litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.04(d). We further find the trial court has, by written order granted its permission to the petitioners to seek an interlocutory appeal. *Id.* Accordingly, we grant the petition for permissive appeal. *See United Phosphorus, Ltd. V. Balderas*, No. 07-20-00165-CV, 2020 Tex. App. LEXIS 6081, at *1–2 (Tex. App.—Amarillo 2020, no pet.).

Notice of appeal is deemed to have been filed under Rule 26.1 as of the date of this order. This appeal is governed by the rules for accelerated appeals. *See* TEX. R. APP. P. 28.3(k). The Clerk of this Court shall provide a copy of this order to the clerk of the 251st District Court, sitting in Randall County, Texas.

Per Curiam